12-1763-cv
BLD v. Remote Prod. Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

─────────────────────────────────────────────

BLD PRODUCTIONS, LLC,

                     *Plaintiff-Appellant*,

          -v-                                          12-1763-cv

REMOTE PRODUCTIONS, INCORPORATED,
VIACOM INCORPORATED, DBA MTV NETWORKS,

                     *Defendants-Appellees*,

MTV NETWORKS, INCORPORATED,

                     *Defendant*.

─────────────────────────────────────────────

Appearing for Appellant:     Richard Robbins (Alexa R. Ross, Heather H. Sharp, *on the brief*),
                             Robbins Ross Alloy Belinfante Littlefield, LLC, Atlanta, GA.

Appearing for Appellees:     Robert Penchina (Jeanette M. Bead, Washington, DC, *of counsel*),
                             Levine Sullivan Koch & Schulz, LLP, New York, NY.

Appeal from the orders of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and it hereby is **VACATED** in part **AFFIRMED** in part and **REMANDED**.

Plaintiff-appellant BLD Productions LLC ("BLD") appeals from the district court's March 31, 2011 order granting in part the motion to dismiss, in favor of defendant-appellee Remote Productions, Incorporated ("RPI"), finding the breach of contract claim time barred under New York's six-year statute of limitation and its January 17, 2012 order denying BLD leave to amend its complaint under Federal Rules of Civil Procedure 15(a) and 16(b)(4). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In New York, an action to enforce a contractual obligation is subject to a six-year limitations period. N.Y. C.P.L.R. § 213(2). "Under New York law, a cause of action for breach of contract accrues and the statute of limitations commences when the contract is breached." *T & N PLC v. Fred S. James & Co. of NY, Inc.*, 29 F.3d 57, 59 (2d Cir. 1994) (citation omitted). In a case such as this one, "[w]here a contract does not specify a date or time for performance, New York law implies a reasonable time period." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (citations omitted). "The question of what is a reasonable period of time for performance of a particular contract is a question of fact for a jury, unless the facts are undisputed, in which case the question becomes one appropriate for summary judgment." *Sands v. Bernstein*, No. 07 Civ. 9824 2009 WL 151729, at *4 (S.D.N.Y. Jan. 21, 2009). Here, the contract is silent as to the time for performance, providing only that "RPI . . . shall have the exclusive right" to distribution. A.35. Even assuming the contract was formed in 2001, plaintiff plausibly alleged that defendants' obligation to perform continued through March 2004, within the six-year limitation period. The November 2001 letter did not conclusively resolve the matter as it simply urged defendants to act promptly, and it is not alleged that defendants repudiated their obligation to perform. We therefore vacate and remand for further proceedings as to the statute of limitations issue.

BLD also claims the district court erred in its January 17, 2012 order denying BLD leave to amend its complaint under Federal Rules 15(a) and 16(b)(4). We affirm the district court's order.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] court should freely give leave [to amend] when justice so requires." We review a district court's denial of leave to amend for abuse of discretion. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, alterations, and quotation marks omitted). "Generally, a district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and alterations omitted). We agree with the district court's assessment of BLD's actions. Where, as here, the plaintiff's proposed amended complaint contains factual allegations wholly inconsistent with the factual

allegations of the prior complaint, the district court does not abuse its discretion in denying leave to amend.

We find the Appellant's remaining arguments to be without merit. Accordingly, the orders of the district court to deny for a leave to amend is hereby VACATED in part AFFIRMED in part, and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk